ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MASTER LINK CORPORATION<br><br>Apelante<br><br>v.<br><br>LUMA ENERGY SERVCO, LLC; LUMA ENERGY MANAGECO, LLC; AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO<br><br>Apelados | KLAN202400972 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2024CV05899<br><br>Sobre: INJUNCTION (ENTREDICHO PROVISIONAL, INJUNCTION PRELIMINAR Y PERMANENTE) |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Prats Palerm y la Jueza Aldebol Mora[1].

*Prats Palerm, Jueza Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2025.

Comparece Master Link Corporation ("Master Link" o "Apelante") y solicita que revoquemos la *Sentencia* notificada el 30 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala de San Juan ("TPI"). Mediante el referido dictamen, el TPI declaró *Con Lugar* la solicitud de desestimación instada por LUMA Energy Servco, LLC y LUMA Energy ManageCo, LLC ("LUMA" o "Apelada") y, como consecuencia, desestimó la *Petición de Injunction* presentada por Master Link, por prematura y académica.

Por los fundamentos que se exponen a continuación, *desestimamos* el recurso presentado por falta de jurisdicción, toda vez que se tornó académico.

### I.

El 26 de junio de 2024, Master Link instó ante el TPI una *Petición de Injunction* en contra de LUMA y la Autoridad de Energía Eléctrica ("AEE") (en conjunto, "Apelados"). El apelante señaló que, presentó una licitación

---

[1] Mediante Orden Administrativa OATA-2025-003, se designó a la Hon. Waleska I. Aldebol Mora, en sustitución de la Hon. Alicia Alvarez Esnard.

mediante el proceso interno de licitación propuesto por LUMA, para un proyecto de instalación y reemplazo de luminarias. No obstante, sostuvo que, el 12 de junio de 2024, LUMA había otorgado los respectivos contratos a los licitadores agraciados, sin notificar la adjudicación a todos los licitadores, impidiendo así el derecho de Master Link a solicitar una reconsideración. Alegó, además que, LUMA se negó a proveer la información necesaria para impugnar dicha adjudicación. A su vez, expresó que había contactado a LUMA sobre la falta de notificación y esta le indicó que el proceso de adjudicación aún no había culminado.

De otra parte, arguyó que, la conducta de LUMA y la AEE le había ocasionado daños monetarios al haber incurridos en gastos para participar de la licitación y no haber resultado favorecido. Por tanto, Master Link le solicitó al TPI: (1) ordenarle a LUMA a desistir de otorgar contratos, hasta tanto se notificara la adjudicación de la subasta a todos los licitadores; (2) permitirle a Master Link examinar los expedientes de los licitadores, incluyendo las evaluaciones técnicas; e (3) imponerle a LUMA el pago de una indemnización a favor de Master Link, por concepto de los daños sufridos como consecuencia de la falta de notificación de la adjudicación.

El 27 de junio de 2024, Master Link presentó una *Moción para Solicitar Vista de Injunction Preliminar*. Así las cosas, el 3 de julio de 2024, el foro primario ordenó la celebración de una Vista de *Injunction* Preliminar, para el 17 de julio de 2024.

Posteriormente, el 12 de julio de 2024, Master Link informó que, el 11 de julio de 2024, recibió un *Notice of Award* (notificación de adjudicación) y expresó su intención de solicitar una reconsideración ante LUMA.

El 16 de julio de 2024, la AEE presentó una *Solicitud de Desestimación y Oposición a Moción en Cumplimiento de Orden*. En resumidas cuentas, la AEE adujo que procedía la desestimación de la acción instada en su contra, debido a que los procesos de licitación y contratación eran manejados por LUMA.

Ese mismo día, LUMA instó una *Solicitud de Desestimación y/u Oposición a Solicitud de Interdicto Preliminar y Permanente*. LUMA alegó que, no se cumplían con los elementos para emitir el *injunction*, dado que la apelante contaba con un remedio adecuado en ley, entiéndase, agotar el proceso de impugnación de la determinación. Asimismo, sostuvo que la reclamación era prematura porque Master Link no había agotado los remedios reglamentarios internos para impugnar la adjudicación. Por otro lado, arguyó que, tras la notificación del *Notice of Award* y la intención de Master Link de peticionar su reconsideración, los remedios solicitados se tornaron académicos.

El 23 de julio de 2024, LUMA presentó una *Moción para Suplementar Solicitud de Desestimación*, mediante la cual evidenció la solicitud de reconsideración instada ante su consideración por Master Link, el 19 de julio de 2024.

El 26 de agosto de 2024, Master Link notificó su *Oposición Consolidada a Mociones de Desestimación*. En lo aquí pertinente, el apelante expresó que, el *Notice of Award* no tornó académica la reclamación porque LUMA se negó a proveer la información y documentación necesaria para que Master Link tuviera un derecho pleno a solicitar reconsideración, en violación a su derecho a un debido proceso de ley. Sostiene, a su vez, que la notificación fue insuficiente porque no proveyó los fundamentos necesarios para su impugnación, entiéndase, los detalles de las propuestas seleccionadas. Además, Master Link puntualizó que el *Procurement Manual* o Manual de Contratación de LUMA, el cual regula el proceso de licitación, requería que los proponentes no agraciados fueran notificados al mismo tiempo que aquellos agraciados.

El 19 de septiembre de 2024, el TPI emitió una *Sentencia*, mediante la cual desestimó la *Petición de Injunction*, por académica y prematura. El foro primario destacó que, el apelante solicitó como remedio que:

> (1) se ordene a las partes peticionadas a desistir de adjudicar contratos posteriores sin previamente notificar de la adjudicación a los restantes licitadores; (2) se ordene a LUMA a notificar la adjudicación de propuestas de los licitadores que han sido seleccionados y los respectivos contratos otorgados; (3) se le permita

a Master Link examinar los expedientes de las compañías participantes, incluyendo la evaluación técnica, y (4) condene a LUMA a conceder los daños sufridos por Master Link.[2]

Al respecto, particularizó que, surgía del *Notice of Award* que no se firmaron contratos adicionales, previo a la notificación de la adjudicación. De igual modo, señaló que los nombres de las compañías agraciadas fueron notificados y los contratos otorgados se encontraban registrados en la Oficina del Controlador. A su vez, esgrimió que como parte del proceso de reconsideración que se estaba llevando a cabo ante LUMA, Master Link tenía acceso al expediente del proceso. Así dispuesto, concluyó que las primeras tres solicitudes se tornaron académicas.

Sobre la cuarta solicitud, el foro de instancia coligió que, la reclamación de daños era prematura, toda vez que la reconsideración ante el apelado no había sido resuelta. De modo que, la activación del proceso de reconsideración interno provee un remedio que hacía innecesario el *injunction*.

El 25 de septiembre de 2024, Master Link adujo que la *Sentencia* no se le notificó y solicitó que la misma se le notificara, conforme a derecho. Consecuentemente, el 30 de septiembre de 2024, el TPI le notificó la *Sentencia* al apelante.

Así las cosas, el 30 de octubre de 2024, Master Link acudió ante esta Curia mediante *Apelación Civil*. El Apelante le imputó al TPI la comisión de los siguientes errores:

**Erró el TPI al desestimar la *Petición* bajo el fundamento de que no era justiciable porque se había tornado académica y/o era prematura y porque no se había hecho una demostración de daño irreparable, a pesar de que se estableció que la parte apelada causó daños irreparables mediante crasas violaciones a sus obligaciones contractuales y legales y a los derechos constitucionales de la Apelante.**

**Erró el TPI al no ordenar la celebración de una Vista de *Injunction* Preliminar.**

Posteriormente, el 21 de noviembre de 2024, Master Link instó una *Moción en Auxilio de Jurisdicción*. La apelante expuso que, en aras de evitar

---

[2] Apéndice de la parte apelante, pág. 50.

que se perjudicara el interés público y la controversia se tornara académica, esta Curia debía ordenarle a las apeladas a que no otorgaran contrato alguno a base de la Solicitud de Propuesta objeto del recurso apelativo.

Ese mismo día, le concedimos a LUMA hasta el 27 de noviembre de 2024, para demostrar causa por la cual no debíamos expedir el auxilio de jurisdicción. Ante ello, el 26 de noviembre de 2024, LUMA informó que, había pautado una reunión con Master Link para el 3 de diciembre de 2024 y, como consecuencia, solicitó una prórroga para presentar su posición en cuanto al recurso de apelación y la solicitud de auxilio de jurisdicción. En esa misma fecha, le concedimos a LUMA la prórroga, según solicitada.

El 11 de diciembre de 2024, LUMA solicitó una prórroga adicional debido a que las partes se encontraban en conversaciones para finiquitar la controversia. Como corolario, el 12 de diciembre de 2024, le concedimos a la parte apelada una última prórroga hasta el 26 de diciembre de 2024.

En cumplimiento, el 26 de diciembre de 2024, LUMA presentó una *Moción de Desestimación y Oposición a Auxilio de Jurisdicción por Academicidad.* La apelada alegó que, se le concedió a Master Link el contrato solicitado, como parte de la Solicitud de Propuesta. Por lo tanto, LUMA arguyó que el recurso ante nuestra consideración se había tornado académico y solicitó su desestimación.

El 15 de enero de 2025, le concedimos a Master Link un término para expresarse en torno a la solicitud de desestimación instada por LUMA. Ese mismo día, denegamos la solicitud de auxilio de jurisdicción presentada por la parte apelante.

Así las cosas, el 22 de enero de 2025, Master Link notificó su *Moción en Oposición a Desestimación y en Solicitud de Plazo.* En síntesis, la apelada expuso que, la solicitud de desestimación era prematura, toda vez que el contrato entre las partes no había sido perfeccionado. No obstante, expresó que, de perfeccionarse el contrato, estaría desistiendo de la reclamación en contra de LUMA.

Ante ello, el 27 de enero de 2025, le concedimos a Master Link un plazo para informarle a esta Curia si estaría desistiendo de su causa de acción. En cumplimiento, el 28 de febrero de 2025, la parte apelante compareció mediante *Moción para Informar* y expuso que, los trámites para perfeccionar el contrato no habían culminado. Como corolario, nos solicitó que continuáramos con el procedimiento ante nos.

Así las cosas, el 7 de marzo de 2025, denegamos la solicitud de desestimación presentada por LUMA y le otorgamos a la parte apelada un término final para presentar su alegato en oposición.

No obstante, el 14 de marzo de 2025, LUMA presentó una *Moción Informativa Urgente y en Solicitud de Orden Desestimando el Recurso por Académico*. En esta, la apelada informó que, el contrato entre LUMA y Master Link se había sido perfeccionado. Como evidencia, la parte apelada presentó el documento intitulado, *Master Services Agreement*.[3] Examinado el expediente, procedemos a resolver.

## II.

### -A-

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros,* 210 DPR 384, 394 (2022); *Ruiz Camilo v. Trafon Group, Inc,* 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.*

---

[3] Apéndice de la *Moción Informativa Urgente y en Solicitud de Orden Desestimando el Recurso por Académico.*

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Íd.*, *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Ahora bien, el principio de la justiciabilidad recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010); *Com. de la Mujer v. Srio. de Justicia*, 108 DPR 715, 720 (1980); *ELA v. Aguayo*, 89 DPR 552, 595 (1958). A tales efectos, el poder de revisión judicial únicamente puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta, cuya solución no tendrá consecuencias para las partes. *ELA v. Aguayo, supra*, págs. 558-59.

En ese contexto, un asunto no es justiciable cuando: (1) se trata de resolver una cuestión política; (2) una de las partes carece de legitimación activa para promover un pleito; (3) después de comenzado el litigio, hechos posteriores lo tornan en académico; (4) las partes pretenden obtener una opinión consultiva; o (5) cuando se pretende promover un pleito que no está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Crespo v. Cintrón*, 159 DPR 290, 298 (2003); *ELA v. Aguayo, supra*, pág. 584.

Como se observa, una instancia en la que un caso no es justiciable se suscita cuando la controversia se torna académica. *Íd.* En esencia, se sostiene que un caso es académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada, que en realidad no existe; (2) una determinación de un derecho, antes de que haya sido reclamado; y (3) una sentencia sobre un asunto que al dictarse no podrá tener efectos prácticos sobre una controversia existente. *Íd., San Gerónimo Caribe Project v. ARPe,*

174 DPR 640, 652 (2008). Es decir, que una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *UPR v. Laborde Torres*, 180 DPR 253, 280 (2010).

No obstante, nuestro más Alto Foro ha reconocido excepciones a la doctrina de academicidad, a saber: (1) una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando la situación de hechos ha sido cambiada por el demandado, pero no tiene visos de permanencia; o (3) cuando subsisten consecuencias colaterales que tienen vigencia y actualidad. *Íd.*, pág. 281.

Conforme a lo anterior, cuando un Tribunal atiende un planteamiento de academicidad, nuestro ordenamiento le impone la obligación de desestimar el recurso si de los hechos o del derecho aplicable surge que las circunstancias han variado de tal forma, que no existe una controversia vigente entre partes adversas que amerite su intervención. *Moreno Orama v. UPR, supra*, pág. 973.

Por otra parte, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal antes de que este adquiera jurisdicción. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). En virtud de ello, carece de eficacia y no produce efectos jurídicos. *Íd.*, págs. 97-98. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires. Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. *Romero Barceló v. E.L.A.*, 169 DPR 460, 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

**III.**

El apelante señala que el TPI erró al desestimar la *Petición de Injunction.* Específicamente, arguye que el foro de instancia incidió al determinar que la solicitud era académica y prematura, y que no se demostró un daño irreparable. Además, sostiene que el foro apelado se equivocó al desestimar la causa de acción, sin haber celebrado una vista de *injunction* preliminar.

Examinado el expediente, constatamos que Master Link, en síntesis, le solicitó al TPI lo siguiente: (1) que ordenara a la apelada a notificar la adjudicación de la subasta; (2) que se le permitiera examinar los expedientes de los licitadores y, (3) que se le adjudicara responsabilidad a LUMA por los presuntos daños sufridos por Master Link, como consecuencia de la falta de notificación y adjudicación de la subasta a su favor.

No existe controversia respecto al hecho de que posterior al inicio del pleito de epígrafe, Master Link inició un proceso de reconsideración ante LUMA. Ante ello, el 25 de noviembre de 2024, LUMA concedió la reconsideración solicitada por la parte apelante y emitió una determinación final. LUMA resolvió que, dado a la incertidumbre del proceso para revisar la evaluación de las propuestas y debido a la documentación inadecuada, existían fundamentos suficientes para emitir la reconsideración. Como consecuencia, la apelada le otorgó a Master Link un contrato para la instalación y reemplazo de luminarias, en igualdad de condiciones que los demás licitadores agraciados. Conforme surge de la prueba documental, el *Master Services Agreement* fue perfeccionado el 12 de marzo de 2025.[4]

Ante el hecho irrefutable de que, el proceso de reconsideración ante LUMA culminó con el perfeccionamiento de un contrato entre las partes, la controversia ante nuestra consideración se tornó académica. Por todo lo cual, carecemos de jurisdicción para atenderla en sus méritos.

---

[4] *Íd.*

## IV.

Por los fundamentos que anteceden, *desestimamos* el recurso presentado por falta de jurisdicción, toda vez que se tornó académico.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Brignoni Mártir concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones